Fred W. Schwinn (SBN 225575)
Raeon R. Roulston  (SBN 255622)
Matthew C. Salmonsen  (SBN 302854)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
MARJORIE ALICE SHELDON

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| MARJORIE ALICE SHELDON,<br><br>                              Plaintiff,<br><br>     v.<br><br>WIN-WIN ALSSI, INC., a California corporation, D/B/A ALSSI, INC., D/B/A U.S. PHOTOCOPY SERVICE, INC.; KRIS W. VORSATZ, individually and in his official capacity; and DOES 1 through 10, inclusive,<br><br>                              Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

Plaintiff, MARJORIE ALICE SHELDON, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

### INTRODUCTION

1.     The Defendants in this case are process servers who have engaged in the ignominious[1] and shoddy[2] practice of "sewer service" – i.e., failing to serve a debtor and filing a

---

[1]  *Velazquez v. Thompson*, 451 F.2d 202, 204 (2d Cir. 1971) ("'Sewer service' is an ignominious practice which is not limited to summary proceedings for the eviction of tenants but is also employed in suits on installment payment contracts for personal property permitting repossession and garnishment, providing a fertile field for the fleecing of the poor and the disadvantaged.").

[2]  *Kovalesky v. A.M.C. Associated Merchandising Corp.*, 551 F. Supp. 544, 546 (S.D.N.Y. 1982) ("'[S]ewer service' constitutes shoddy practice.   It delays the process of justice and must be

fraudulent affidavit attesting to service so that when the debtor later fails to appear in court, a default judgment can be entered against her.[3]

> In jurisdictions where process need not be served by a public official, the bulk of the business of serving process gravitates into the hands of professional process servers. Some of these process servers once followed a practice of disposing of process given them to serve (e.g., by throwing it down a sewer) and then falsely returning that they had duly served it.[4]

2.   This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA")  for actual damages, statutory damages, attorney fees and costs brought by an individual consumer against process servers who engage in "sewer service."

3.   While faithful process servers are exempted from the definition of "debt collector" under the FDCPA when they are in fact "serving or attempting to serve legal process,"[5] "a process server who goes 'beyond being merely being a messenger . . . and engages in prohibited abusive or harassing activities to force an individual to repay a debt' cannot claim the exemption's protections."[6]

4.   Therefore, the Defendants in this case – process servers that failed to serve court process entrusted to them and instead provide a perjured <u>Proof of Service of Summons</u> – are removed from the FDCPA's process server exemption.[7]

---

discouraged.  This court has discretion to do just that.").

[3] *Spiegel v. Judicial Atty. Servs.*, 2011 U.S. Dist. LEXIS 9350 at *2 (N.D. Ill. Feb. 1, 2011).

[4] *Richardson v. Alliance Tire & Rubber Co.*, 158 F.R.D. 475, 480, fn. 5 (D. Kan. 1994), *quoting*, 1 Robert C. Casad, Jurisdiction in Civil Actions § 3.017d (2nd ed. 1991).

[5] 15 U.S.C. § 1692a(6)(d); *See generally*, *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 423 (S.D.N.Y. 2010), *citing Romea v. Heiberger & Assocs.*, 163 F.3d 111, 117 (2d Cir. 1998) ("Thus, process servers whose involvement is merely 'limited to serving the [debt collection] communication on the consumer – in effect, to being messengers' – are exempt.").

[6] *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 423 (S.D.N.Y. 2010), *citing Flamm v. Sarner & Assoc., P.C.*, 2002 U.S. Dist. LEXIS 22255, 2002 WL 31618443 at *5 (E.D. Pa. Nov. 6, 2002).

[7] *Freeman v. ABC Legal Services, Inc.*, 827 F. Supp. 2d 1065, 1074 (N.D. Cal. 2011) ("if process servers falsely claimed they had effected personal service and executed a false proof of service document, then their actions would take them beyond their role as process servers and render them ineligible for the [FDCPA] exception."); *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413

**JURISDICTION**

5.     Jurisdiction is conferred upon this Court pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims because those claims are related to Plaintiff's federal claims and arise out of a common nucleus of related facts and form part of the same case or controversy under Article III of the United States Constitution.

6.     This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

**VENUE**

7.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

**INTRADISTRICT ASSIGNMENT**

8.     This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County, California.

**PARTIES**

9.     Plaintiff, MARJORIE ALICE SHELDON (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

---

(S.D.N.Y. 2010); *McNall v. Credit Bureau*, 689 F. Supp. 2d 1265, 1278 (D. Or. 2010).

10.     Defendant, WIN-WIN ALSSI, INC. (hereinafter "ALSSI"), is a California corporation engaged in the business of composing and selling forms, documents and other collection media used or intended to be used for debt collection.  ALSSI's principal place of business is located at: 16938 Ventura Boulevard, Encino, California  91316.  ALSSI may be served at the address of its Agent for Service of Process at: Win-Win ALSSI, Inc., c/o A. Grant, Agent for Service of Process, 3111 Burbank Boulevard, Suite 204, Burbank, California  91505.  Plaintiff is informed, believes and thereon alleges, that ALSSI is a corporation subject to the registration and other provisions found in Cal. Bus. & Prof. Code §§ 22350-22360.  ALSSI is regularly engaged in the business of indirectly collecting defaulted consumer debts and assisting other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet.  ALSSI regularly collects, directly or indirectly, defaulted consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits.   ALSSI is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  ALSSI is not subject to the exception of 15 U.S.C. § 1692a(6)(D).  Plaintiff is informed, believes and thereon alleges, that ALSSI is the mere continuation of ALSS, Inc., or successor-in-interest to the liabilities of ALSS, Inc., and is therefore liable to Plaintiff for ALSS, Inc.'s violations of the FDCPA and RFDCPA.[8] Additionally, ALSSI is vicariously liable to Plaintiff for the acts of Defendant, KRIS W. VORSATZ.[9]

11.     Defendant, KRIS W. VORSATZ (hereinafter "VORSATZ"), is a natural person and is or was an employee and/or authorized agent of ALSSI and its predecessor-in-interest, ALSS,

---

[8]  *Ray v. Alad Corp.*, 19 Cal. 3d 22, 28-29 (Cal. 1977).

[9]  Cal. Bus. & Prof. Code § 22356. ("A registrant shall be responsible at all times for the good conduct of his or her employees acting within the course or scope of their employment, and any person acting as an independent contractor within the course or scope of the agency relationship with the registrant."), *Freeman v. ABC Legal Servs., Inc.*, 827 F. Supp. 2d 1065, 1076 (N.D. Cal. 2011) ("if an entity is a debt collector and hence subject to the FDCPA, it should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf."); *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994).

Inc., at all relevant times.  VORSATZ is in the business of composing and selling of forms, documents and other collection media used or intended to be used for debt collection.  Plaintiff is informed, believes and thereon alleges, that VORSATZ is an individual subject to the registration and other provisions found in Cal. Bus. & Prof. Code §§ 22350-22360.  VORSATZ may be served at his current residence address: Kris W. Vorsatz, 31 East Julian Avenue, San Jose, California 95113.  VORSATZ is regularly engaged in the business of indirectly collecting defaulted consumer debts by assisting other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet.  VORSATZ regularly collects, directly or indirectly, defaulted consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits.  VORSATZ is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  VORSATZ is not subject to the exemption provided by 15 U.S.C. § 1692a(6)(D).

12.    The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names.  Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants DOES 1 through 10, inclusive, are natural persons, limited liability companies, corporations or business entities of unknown form that have or are doing business in the state of California.  Plaintiff will seek leave of the Court to replace the fictitious names of these Doe Defendants with their true names when they are discovered by Plaintiff.

13.    At all relevant times alleged in this Complaint, Defendants, and each of them, were regularly engaged in the business of collecting defaulted consumer debts throughout the state of California, including Santa Clara County, by assisting other debt collectors to file and maintain civil

debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet.

14.     Plaintiff is informed, believes and thereon alleges, that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, respondeat superior, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by the conduct of Defendants.

15.     Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each of the Defendants sued herein were the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and were at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining Defendant.

16.     Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants, and each of them, combined their property, skill or knowledge to carry out a single business undertaking and agreed to share the control, profits and losses.

17.     Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each Defendant was the co-conspirator, agent, servant, employee, assignee and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, assignment and/or joint venture and with the permission and consent of each of the other Defendants.

18.     Whenever reference is made in this Complaint to any act of any corporate or other business Defendant, that reference shall mean that the corporation or other business did the acts alleged

in this Complaint through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

19.     At all relevant times alleged in this Complaint, each Defendant has committed the acts, caused others to commit the acts, ratified the commission of the acts, or permitted others to commit the acts alleged in this Complaint and has made, caused, ratified, or permitted others to make, the untrue or misleading statements alleged in this Complaint.  Whenever reference is made in this Complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants.  The term "Defendants" wherever used in this Complaint shall mean all named defendants.

## **JOINT VENTURE**

20.     Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants, and each of them, combined their property, skill or knowledge to carry out a single business undertaking and agreed to share the control, profits and losses.

21.     Specifically, Plaintiff is informed, believes and thereon alleges, that:

a.     ALSSI is engaged in the business of manufacturing and selling process server returns and other debt collection related activities in the State of California.  Through the use of the U.S. Mail, telephone and the internet, ALSSI advertises and markets process service and other legal support services to attorneys, law firms, debt collectors, government agencies and the general public.  ALSSI provides the telephones, facsimile machines, computers, software and other equipment, support staff and facilities used by VORSATZ and the enterprise for their process server return manufacturing activities.  ALSSI composes the process server returns sold by the enterprise using their computer systems and the data which is input into the computer systems via a website (www.alssi-online.com) by their customers, like Midland

Funding, LLC, and its process server agents, like VORSATZ.  ALSSI also acts as the public face for the enterprise through its advertising, marketing, customer support and customer billing for the enterprise's services.  ALSSI provides VORSATZ and the enterprise with a physical address and the marketing, customer billing, computers and other support infrastructure that was needed to manufacture and sell <u>Proof of Service of Summons</u> documents to Midland Funding, LLC, for use in the state court the lawsuit against Plaintiff.  ALSSI provides advertising, marketing, a physical address and their support staff, equipment and facilities to the enterprise and in return receives a share of the profits realized by the enterprise from their process server return manufacturing activities.  Notwithstanding their use of ALSSI's physical address and telephone number on the process server returns manufactured and sold by the enterprise, ALSSI will not accept service of process for VORSATZ or any of its other process server agents, thereby acting as a litigation shield should one of their process server agents be sued for their unlawful activities.

b.   VORSATZ is an individual and a registered process server in Santa Clara County.   VORSATZ lent his name, signature and the legitimacy of his process server registration number to the enterprise for use on the <u>Proof of Service of Summons</u> that was manufactured and sold to Midland Funding, LLC, and used in the state court lawsuit against Plaintiff.  VORSATZ and other registered process servers provide the facial legitimacy of their process server registrations to the enterprise and in return receive a share of the profits realized by the enterprise from their process server return manufacturing activities.  Without VORSATZ and other registered process servers and the facial legitimacy of their registration numbers, ALSSI could not market and sell process server returns like the <u>Proof of Service of Summons</u> document that was manufactured and sold to Midland Funding, LLC, for use in the state court

lawsuit against Plaintiff.

22.     Plaintiff is informed, believes and thereon alleges, that process server services are an integral part of ALSSI's business and that ALSSI could not offer such services without its process server agents, like VORSATZ.

## AIDING AND ABETTING

23.     Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, ALSSI aided and abetted the fraud, perjury, breach of official duty and other wrongful acts committed by VORSATZ.

24.     Plaintiff is informed, believes and thereon alleges, that ALSSI marketed its Proof of Service of Summons product to law firms, debt collectors, government agencies and the general public, including Midland Funding, LLC, as a legitimate and lawful service.  Plaintiff is informed, believes and thereon alleges, that ALSSI represented or implied in their advertising, marketing and other materials that ALSSI would ensure that the official court process entrusted to them would be duly, faithfully and lawfully served and delivered to lawsuit defendants, including the Plaintiff.

25.     Plaintiff is informed, believes and thereon alleges, that instead of duly, faithfully and lawfully delivering and serving the official court process entrusted to it, ALSSI enlisted VORSATZ and other registered process servers to manufacture process server returns – like the Proof of Service of Summons document that was sold to Midland Funding, LLC, and used in the state court lawsuit against the Plaintiff in this case.

26.     Plaintiff is informed, believes and thereon alleges, that ALSSI willingly, knowingly and intentionally provides its registered agent process servers, like VORSATZ, with a business address and telephone number for use on the process server returns that the enterprise manufactures and sells, like the Proof of Service of Summons document that was sold to Midland

Funding, LLC, and used in the state court lawsuit against the Plaintiff in this case, and by intentionally withholding VORSATZ's true address and telephone number, ALSSI aided and abetted the fraud, perjury, breach of official duty and other wrongful acts committed by VORSATZ against Plaintiff.

27.     Plaintiff is informed, believes and thereon alleges, that ALSSI authorized, used, and ratified the use of its address and telephone number on process server returns manufactured and sold by the enterprise with the intent to shield its process server agents, like VORSATZ, from service of process should they be sued for their unlawful activities.  Notwithstanding their use of ALSSI's address and telephone number on the process server returns manufactured and sold by the enterprise, ALSSI will not accept service of process for VORSATZ or any of its other process server agents when service of process is attempted at the address provided on its Proof of Service of Summons documents.

28.     Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, ALSSI knew that fraud, perjury, breach of official duty and other wrongful acts were being committed by VORSATZ against the Plaintiff and others.  In fact, ALSSI gave substantial assistance and encouragement to VORSATZ by producing fully completed Proof of Service of Summons documents which contain VORSATZ's name and process server registration number and ALSSI's address and telephone number instead of VORSATZ's address and telephone number.

29.     Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, ALSSI effectively controlled its process server agents, including VORSATZ, by *inter alia*:

a.     choosing which assignments each process server agent will receive (i.e., controlling what work must be performed by a specific individual);

b.     requiring personal performance of the tasks assigned to its process server agents (i.e., controlling what work must be performed by a specific individual);

c.   forbidding or severely restricting its process server agents' ability to substitute or assign their performance of the assigned tasks (i.e., controlling what work must be prrformed by a specific individual);

d.   requiring detailed reporting to ALSSI of all service attempts made by their process server agents (i.e., controlling the manner in which the assigned tasks are performed and requiring regular written reports); and

e.   requiring the use of ALSSI's computer systems and software for the performance of their process server agents' assigned duties (i.e., controlling what tools and equipment must be used to perform the assigned tasks and the manner in which the assigned tasks are performed).

30.   Plaintiff is informed, believes and thereon alleges, that ALSSI's conduct was a substantial factor in causing the harm to Plaintiff.  ALSSI should be held responsible as an aider and abettor for the fraud, breach of official duty and other wrongful acts committed by VORSATZ against the Plaintiff.

## RATIFICATION

31.   Plaintiff is informed, believes and thereon alleges, that ALSSI is responsible for the harm caused by VORSATZ's unlawful conduct because ALSSI approved VORSATZ's unlawful conduct after it occurred.

32.   Plaintiff is informed, believes and thereon alleges, that VORSATZ intended to act on behalf of ALSSI when he accepted the assignments from ALSSI to serve state court process on Plaintiff.

33.   Plaintiff is informed, believes and thereon alleges, that VORSATZ intended to act on behalf of ALSSI when he subsequently failed to serve the state court process on Plaintiff that had

been entrusted to him and instead provided false and fraudulent information to ALSSI regarding the completion of his assignment.

34.    Plaintiff is informed, believes and thereon alleges, that ALSSI learned of VORSATZ's failure to faithfully serve the state court process that ALSSI had entrusted to him after it occurred.

35.    Plaintiff is informed, believes and thereon alleges, that ALSSI approved VORSATZ's unlawful conduct by voluntarily keeping the benefits of VORSATZ's unlawful conduct after learning of the conduct.

36.    Plaintiff is informed, believes and thereon alleges, that ALSSI approved VORSATZ's unlawful conduct as alleged in this case by continuing to employ VORSATZ and continuing to assign process server assignments to VORSATZ after learning that VORSATZ had engaged in sewer service.

37.    As a result of ALSSI's ratification of VORSATZ's unlawful conduct, ALSSI is liable to Plaintiff for all damages alleged in this case.

## **NONDELEGABLE DUTY**

38.    California Business and Professions Code § 22356 provides as follows:

A registrant shall be responsible at all times for the good conduct of his or her employees acting within the course or scope of their employment, and any person acting as an independent contractor within the course or scope of the agency relationship with the registrant.

39.    By enacting this statute, the California legislature sought to implement specific safeguards for the general public to insure that process server agencies like ALSSI faithfully and honestly carry out their responsibilities to the courts of California and to the general public.

40.    Plaintiff is informed, believes and thereon alleges, that VORSATZ was acting within the course and scope of his employment/agency relationship with ALSSI at all times alleged in

this Complaint.

41.    ALSSI had a nondelegable duty to Plaintiff to ensure that the state court process entrusted to it was faithfully served on Plaintiff and that its employees and agents did not engage in sewer service.

42.    Because ALSSI could not delegate to VORSATZ its duty to faithfully and honestly serve Plaintiff with the state court process entrusted to it, ALSSI is liable to Plaintiff for all damages alleged in this case.

## FACTUAL ALLEGATIONS

43.    On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a consumer credit account issued by Chase Bank USA, N.A. (hereinafter the "debt").  The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

44.    Sometime thereafter, on a date unknown to Plaintiff, Plaintiff was no longer able to make the payments on the debt and defaulted.

45.    Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the defaulted consumer debt was sold, assigned or otherwise transferred to Midland Funding, LLC, for collection from Plaintiff.

46.    Thereafter, on or about June 13, 2012, Midland Funding, LLC, filed a lawsuit against Plaintiff in the Superior Court of Santa Cruz County, captioned *Midland Funding, LLC v. Marjorie Sheldon, et al.*, and assigned Case No. CV174382 (hereinafter "the state court action"), in an attempt to collect the defaulted consumer debt.

47.    Plaintiff is informed and believes, and thereon alleges, that Midland Funding,

LLC, thereafter engaged Defendants to duly and faithfully serve legal process in the state court action upon Plaintiff by delivering a copy of the state court Summons and Complaint.

48.    Plaintiff is informed and believes, and thereon alleges that on or about August 13, 2012, Defendants composed a document titled <u>Proof of Service of Summons</u> in which Defendants represented, under penalty of perjury, that VORSATZ had served Plaintiff with a copy of the Summons, Complaint, and related documents in the state court action on August 12, 2012, at 7:59 a.m.  Thereafter, Defendants caused the <u>Proof of Service of Summons</u> to be filed with the Clerk of the Superior Court in the state court action on August 23, 2012.  A true and correct copy of the <u>Proof of Service of Summons</u> filed in the state court action is attached hereto, marked as Exhibit "1," and by this reference is incorporated herein.

49.    Despite the representations made by Defendants in their <u>Proof of Service of Summons</u> (Exhibit "1"), Plaintiff was not served with a copy of the Summons and Complaint in the state court action.  The <u>Proof of Service of Summons</u> document composed by Defendants appears facially valid – indeed, Defendants' very purpose is to pass facial review – hoping the fraud goes undetected until the debtor discovers the fraudulent proof of service after a default judgment has been entered.

50.    Plaintiff is informed and believes, and thereon alleges that the address used on the <u>Proof of Service of Summons</u> (Exhibit "1"), (i.e., 16938 Ventura Boulevard, Encino, CA 91316) is the business address of ALSSI's business "The Printing House," a photocopying and printing business that is used as a mailing address by ALSSI, and not the address of VORSATZ as represented in the document.

51.    Plaintiff is informed and believes, and thereon alleges that the telephone number used on the <u>Proof of Service of Summons</u> (Exhibit "1"), (i.e., 213-928-7247) is the business telephone

number of ALSSI and not the telephone number of VORSATZ as represented in the document.

52.    Plaintiff is informed and believes, and thereon alleges that the <u>Proof of Service of Summons</u> (Exhibit "1") bears an order number (i.e., AXO211-12692256) that was issued by ALSSI for use in tracking the service of process order requested by Midland Funding, LLC.  Plaintiff is informed and believes, and thereon alleges that ALSSI also uses the order number for accounting and billing purposes.

53.    Plaintiff is informed and believes, and thereon alleges that Defendants knowingly and willfully composed and sold to Midland Funding, LLC, the <u>Proof of Service of Summons</u> (Exhibit "1") containing false statements regarding their service of court process in the state court action.

54.    On or about May 21, 2015, Plaintiff was reviewing her consumer credit report and learned that there was a Judgment against her in favor of Midland Funding, LLC.  Plaintiff did not have any notice or knowledge of the state court action before she saw the Judgment noted on her consumer credit report.  Upon learning about the state court action, Plaintiff obtained a copy of the state court file and promptly sought the assistance of the attorneys at Consumer Law Center, Inc., in San Jose, California.  With the assistance of her counsel, Plaintiff learned that Defendants' <u>Proof of Service of Summons</u> (Exhibit "1") filed in the state court action states that "JOHN DOE (REFUSED NAME), CO-OCCUPANT (PERSON APPARENTLY IN CHARGE)" was allegedly served at: 20087 Gist Road, Los Gatos, CA 95033, at 7:59 a.m., on August 12, 2012.  The "John Doe" allegedly served is described as "HISP/CAUC, Male, 45+ yrs old, 5' 9" tall, 170 lbs., BLK hair,".  Although 20087 Gist Road, Los Gatos, CA 95033 is Plaintiff's correct address, and she and her may have been at home on August 12, 2012, at 7:59 a.m., no one came to Plaintiff's door and Plaintiff was never served with a Summons or Complaint in this case.  Moreover, the only man who has ever lived in Plaintiff's home with her at 20087 Gist Road, Los Gatos, CA 95033 is Plaintiff's husband, Michael Pera and he is of Italian descent,

54 years old, 6'2" tall, 200lbs, with black hair.  No other man has ever resided with Plaintiff at 20087 Gist Road, Los Gatos, CA 95033.

<strong>ALSSI's Business Practices</strong>

55.    Plaintiff is informed and believes, and thereon alleges that ALSSI composes and sells process server returns, like the <u>Proof of Service Summons</u> (Exhibit "1") in this case, on a flat rate or fixed fee basis.  Plaintiff is informed and believes, and thereon alleges that ALSSI pays its process servers using a similar flat rate or fixed fee compensation system.  Plaintiff is informed and believes, and thereon alleges that ALSSI will pay VORSATZ and other process servers only for successful service attempts (i.e. service attempts which result in a completed serve being reported) and will pay substantially less or nothing at all for failed service attempts (i.e. service attempts that do not result in a successful completed serve being reported).   Because ALSSI's process servers are not paid for unsuccessful service attempts, process servers like VORSATZ have a strong financial incentive to falsify process server returns.  Plaintiff is informed and believes, and thereon alleges that ALSSI knowingly promotes the false reporting of actual service by its process server agents through its flat rate or fixed fee compensation system.

56.    Plaintiff is informed and believes, and thereon alleges that ALSSI charges a flat fee that is substantially less than the true costs of proper service in many cases.  Plaintiff is informed and believes, and thereon alleges that ALSSI's lower rates can only be achieved by use of a flat rate or fixed fee compensation system for its process servers.  Such business practices create a rush to the bottom by forcing competitors to lower the fees paid to their more scrupulous process servers or go out of business.   More false process server returns from all process server agencies is the inevitable result of such anti-competitive business practices.  Plaintiff is informed and believes, and thereon alleges that ALSSI effectively sells sewer service, by underbidding the true costs of proper service.

57.   Debt collection law firms and debt-buyers plainly benefit from the sewer service provided by unscrupulous process servers like Defendants in this case.  By not serving consumer debt defendants, debt buyers like Midland Funding, LLC, are able to generate thousands of judgments by default. Once default judgments are fraudulently obtained, they are used to levy consumers' bank accounts, garnish their wages, seize their property, damage their credit reports, and/or pressure them into unaffordable payment plans.

58.   Plaintiff is informed and believes, and thereon alleges that Defendants' composition and sale of perjured Proof of Service of Summons (Exhibit "1") document violates California Code of Civil Procedure § 417.10.

59.   Under California law the return of a registered process server "establishes a presumption, affecting the burden of producing evidence, of the facts stated in the return."[10]  "The effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence. . ."[11]  Defendants' composition and sale of perjured process server returns, like the Proof of Service of Summons (Exhibit "1") document in this case, is facilitated and aided by the evidentiary presumption California law provides to faithful process servers.  In fact, Defendants in this case are perversely protected by, and rely on, the extreme procedural and evidentiary burdens that are imposed on litigants who are the victims of sewer service.  Such litigants are faced with the nearly impossible "burden of providing strong and convincing evidence of non-service."[12]  Because "a mere allegation that process was not served, without some additional showing of evidence is insufficient to refute the validity of an affidavit of service,"[13] victims of sewer service, like Plaintiff in this case, are

---

[10]  Cal. Evidence Code § 647.
[11]  Cal. Evid. Code § 604.
[12]  *Collagen Nutraceuticaks, Inc. v. Neocell Corp.*, 2010 U.S. Dist. LEXIS 98229 at *3-4.
[13]  *Id.*

ultimately required to prove a negative;[14] they must prove that an event never occurred and their own sworn testimony of non-service is not enough to meet their evidentiary burden under California law. Because of this procedural and evidentiary imbalance, the unlawful conduct alleged in this Complaint is particularly reprehensible.

60.    Plaintiff is informed and believes, and thereon alleges, that Defendants have composed and sold false and misleading Proof of Service of Summons documents in the form of Exhibit "1" more than 40 times in California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

61.    Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

62.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

63.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

64.    Defendant, ALSSI, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

65.    Defendant, ALSSI, is not subject to, and cannot claim, the exemption provided by 15 U.S.C. § 1692a(6)(D).

66.    Defendant, VORSATZ, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

---

[14]  *Elkins v. United States*, 364 U.S. 206, 218 (1960) ("as a practical matter it is never easy to prove a negative").

67.    Defendant, VORSATZ, is not subject to, and cannot claim, the exemption provided by 15 U.S.C. § 1692a(6)(D).

68.    The financial obligation sought to be collected from Plaintiff in the state court action is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

69.    Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f by making false and misleading representations, and engaging in unfair and abusive practices.  Defendants' violations include, but are not limited to:

a.    Manufacturing and selling a fraudulent Proof of Service Summons that falsely stated that Plaintiff was served with the state court Summons and Complaint when in fact she was not;

b.    Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of defaulted consumer debts; and

c.    Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case.

70.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

71.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

72.    Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

73.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth

herein.

74.   Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

75.   Defendant, ALSSI, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

76.   Defendant, VORSATZ, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

77.   The financial obligation sought to be collected from Plaintiff in the state court action is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

78.   Defendants violated the RFDCPA, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a), and 1788.17 by making false and misleading representations, and engaging in unfair and abusive practices.  Defendants' violations include, but are not limited to:

   a.   Manufacturing and selling a fraudulent Proof of Service of Summons that falsely stated that Plaintiff was served with the state court Summons and Complaint when in fact she was not;

   b.   Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of defaulted consumer debts; and

   c.   Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case.

79.   Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

80.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code §

1788.30(a).

81.   As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

82.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not yo exceed one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.17.[15]

83.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[16]

84.   Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## **REQUEST FOR RELIEF**

Plaintiff request that this Court:

a)   Assume jurisdiction in this proceeding;

b)   Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f;

c)   Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17;

d)   Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

---

[15] 15 U.S.C.§ 1692k(a)(2)(A).
[16] 15 U.S.C.§ 1692k(a)(3).

e)   Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f)   Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

g)   Award Plaintiff statutory damages in an amount not to exceed $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17;[17]

h)   Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1021.5, 1788.17[18] and 1788.30(c); and

i)   Award Plaintiff such other and further relief as may be just and proper.

oo0oo

---

[17]  15 U.S.C. § 1692k(a)(2)(A).
[18]  15 U.S.C. § 1692k(a)(3).

CONSUMER LAW CENTER, INC.


By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
Raeon R. Roulston  (SBN 255622)
Matthew C. Salmonsen  (SBN 302854)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
MARJORIE ALICE SHELDON

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MARJORIE ALICE SHELDON, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.


/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.


## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.